# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-CV-00208-MR
# CRIMINAL CASE NO. 1:01-CR-00052-MR-14

| | |
|---|---|
| ROBERT LIONEL SISK, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's motion requesting that the Court enter an order again holding this habeas action in abeyance. [CV Doc. 9].[1] According to the Petitioner's motion, the government does not object to his request. [Id.].

Petitioner was found guilty of conspiracy to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [CR Doc. 307]. The presence report noted that Petitioner had two prior qualifying convictions that triggered the Career

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-CV-00208-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:01-CR-00052-MR-14.

Offender enhancement under section 4B1.2 of the Sentencing Guidelines: two North Carolina convictions for assault on a female, one in 1988 and the other in 1989. The Court sentenced Petitioner as a Career Offender to a term of imprisonment of 276 months. [Id.].

On June 23, 2016, Petitioner commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his petition, Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his two prior convictions under North Carolina law for assault on a female no longer qualify as "crimes of violence" under the Guidelines. [Id. at 3-4]. Consequently, Petitioner argues his Career Offender designation is improper and thus his sentence is unlawful. [Id.].

In response to the petition, the government filed a motion to hold this proceeding in abeyance pending the Supreme Court's decision in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [CV Doc. 5]. One of the questions presented in Beckles was whether Johnson applies retroactively to cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). The residual clause invalidated in Johnson is identical to the residual clause in the Career Offender provision of the Guidelines, § 4B1.2(a)(2) (defining "crime of violence"). This Court

granted the government's motion and held this matter in abeyance pending the Beckles decision. The government was granted sixty (60) days after the Beckles decision to file a response to Petitioner's motion to vacate. [CV Doc. 6].

On March 6, 2017, the Supreme Court issued its decision in Beckles, holding that "the advisory [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause" and that Johnson, therefore, does not apply to invalidate the residual clause of the career-offender Guideline. 137 S. Ct. 886, 890, 895 (2017). In the wake of Beckles, Petitioner filed a supplemental brief in support of his motion to vacate, in which he argues that Beckles does not resolve his claim for relief because he was sentenced when the Sentencing Guidelines were mandatory, rather than advisory. [CV Doc. 7 at 1]. The government in turn filed a response opposing the Petitioner's motion to vacate and his supplemental response. [CV Doc. 8].

The Petitioner contends that the Fourth Circuit will soon hear oral argument in United States v. Brown, No. 16-7056 (4th Cir.), in which the defendant has argued that his career-offender sentence should be vacated under Johnson because he was classified as a career offender based on the residual clause of the career-offender guideline when the Guidelines were

mandatory. The Petitioner argues that the Fourth Circuit's decision in <u>Brown</u> may be dispositive of his claim for relief under <u>Johnson</u>.

Based upon the reasons given by the Petitioner, and without objection by the government, the Court concludes that the Petitioner's motion should be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to place this case in abeyance [CV Doc. 9], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Fourth Circuit's decision in <u>United States v. Brown</u>, No. 16-7056 (4th Cir.). The Petitioner shall have 14 days from the issuance of the mandate in <u>Brown</u> within which to file a reply brief in this matter.

**IT IS SO ORDERED.**

Signed: May 12, 2017

Martin Reidinger
United States District Judge

4